# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LEVITON MANUFACTURING CO., INC.,

       Plaintiffs,

vs.                                                            No. CIV 05-0301 JB/DJS

ZHEJIANG DONGZHENG ELECTRICAL CO.,
HARBOR FREIGHT TOOLS USA, INC.,
NICOR, INC., d/b/a NICOR LIGHTING & FANS, and
CENTRAL PURCHASING, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Leviton Manufacturing Co., Inc.'s Motion to Strike Certain Paragraphs of First Amended Answer & Counterclaim of Defendant Nicor, Inc., filed November 21, 2005 (Doc. 70) and (ii) Defendants' Consolidated Response in Opposition to Plaintiff's Motion to Strike Certain Paragraphs of Defendants' Answers and Counterclaims, filed December 8, 2005 (Doc. 75). The Court held a telephonic hearing on these motions on January 25, 2006. The primary issue is whether the Court should strike certain identified averments of the Defendants as insufficient, immaterial, or scandalous. Because the Court does not find that Leviton demonstrates that the averments in question meet the criteria required for an order to strike, the Court will deny Leviton's motion.

## FACTUAL BACKGROUND

Defendants' First Amended Answer and Counterclaim to Leviton's Second Amended Complaint contains allegations regarding Leviton's role with respect to the Underwriters Laboratories' ("UL") Standards Technical Panel's adoption of the 943 Standard, Leviton's refusal

to accept Harbor Freight's offer to procure a license covering GFCI-related patents, including '558 and '766, and Leviton's involvement in a 1979 anti-trust case. Leviton contends that these averments neither substantiate nor support any of Defendants' defenses and counterclaims, and have been included solely to place Leviton in a negative light. The Defendants maintain that the allegations relate directly to their patent misuse defense and their counterclaims regarding Leviton's use of patents to engage in unfair competition.

## PROCEDURAL BACKGROUND

Leviton represents that it has attempted to confer in good faith with the Defendants to secure the exclusion of these allegedly irrelevant and prejudicial allegations from the Defendants' counterclaims. Leviton's efforts have been unsuccessful, thus allegedly necessitating these motions to strike. Pursuant to Federal Rule of Civil Procedure 12(f), Leviton submits this motion to strike paragraphs 32 through 46 of the Defendants' First Amended Answer and Counterclaim to Leviton's Second Amended Complaint.

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Salazar v. Furrs, Inc., 629 F.Supp. 1403, 1411 (D.N.M. 1986)(Campos, J.). Courts view motions under rule 12(f) with disfavor, however, and rarely grant them. See id.; 5C C. Wright & A. Miller, Federal Practice and Procedure § 1382, at 436 (3d ed. 2004)("[T]here appears to be general judicial agreement, as reflected in the extensive case law on the subject, that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy."). "Motions to strike are generally regarded with disfavor because of the limited

importance of pleading in federal practice and because they are often used as a delaying tactic."
Quintana v. Baca, No. CV-05-05414DDP(SHX), 2005 WL 2662766, 1 (C.D. Cal., Oct. 18, 2005).

Courts should not strike paragraphs from a complaint if they have "some possible relation to the controversy," and are not "scandalous or cruel."  Balentine v. Union Mortgage Co., No. 91 C 8213, 1994 WL 34256, 3 (N.D. Ill., Feb. 2, 1994).  Accord, e.g., Maloney v. R.R. Donnelley & Sons, Co., No. 97 C 8890, 1998 WL 381973, 12 NDLRP 86, 3 (N.D. Ill. July 6, 1998)(refusing to strike paragraphs related to claims already dismissed); Daulo v. Commonwealth Edison, 892 F.Supp. 1088, 1095 (N.D. Ill. 1995)(refusing to strike allegations that were time-barred); Gonzales v. City of Chicago, 888 F.Supp. 887, 890-91 (N.D. Ill. 1995)(refusing to strike allegations that were not directly related but consistent with the plaintiff's claims).  The court should resolve any doubts against the movant.  See Pain Prevention Lab. Inc. v. Elect. Waveform Labs., Inc., 657 F.Supp. 1486, 1491 (N.D. Ill. 1987).

Moreover, to succeed on a motion to strike, the plaintiff must establish that the challenged provisions are redundant, immaterial, impertinent, or scandalous.  See Nwakpuda v. Falley's, Inc., 114 F.Supp.2d 1213, 1215 (D. Kan. 1998).  Even then, however, "the court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Id.  See U.S. Dental Inst. v. Am. Assoc. of Orthodontists, 396 F.Supp. 563, 585 (N.D. Ill. 1975).  As the Honorable Earl E. O'Conner, United States District Judge in the District of Kansas, explained in Nwakpuda v. Falley's, Inc.: "If there is any doubt as to whether under any contingency certain matter may raise an issue, the motion should be denied."  114 F.Supp.2d at 1213.

Scandalous allegations are those that degrade a party's moral character, contain repulsive

language, or detract from the court's dignity.  See Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc., 173 F.R.D. 275, 285 (D. Colo. 1997).

**ANALYSIS**

Leviton maintains that the Defendants' Answer and Counterclaim refers to three items which are not relevant to the Defendants' allegations of non-infringement, invalidity, or unenforceability of the '558 and '766 Patents.  Leviton contends that none of these items have any bearing on Leviton's claims or with the Defendants' defenses and counterclaims.  The Court cannot say, however, that, at this stage, the three items will never have any relevance in this case.

**I.      AVERMENTS CONCERNING LEVITON'S UL PANEL SERVICE**.

Paragraphs 32 through 37 relate to Leviton's alleged role in the UL's Standards Technical Panel's adoption of the 943 Standard.  The Defendants' counts do not reference Leviton's alleged activities before UL's Standards Technical Panel.  Leviton contends that these allegations do not support or substantiate the Defendants' non-infringement, invalidity, or unenforceability counts.  Leviton argues that the only reason for the Defendants' including paragraphs 36 through 40 is to portray Leviton in a negative light as a company that intentionally conspired to "strong arm" the UL standard-setting process.

The UL-related averments outline the manner in which Leviton allegedly misled the GFCI regulatory board to advance Leviton's own ends of controlling the GFCI market.  The Defendants allege that Leviton specifically and intentionally failed to disclose the existence of pending patent applications –  including those from which the patent at issue claims priority –  to the UL's Standards Technical Panel.  The application that Leviton did not disclose allegedly contains claims that impact substantially the recent change in the UL 943 Standard, which is used to evaluate and certify all

-4-

GFCIs.

The Defendants contend that Leviton apparently believed that this deception would create a substantial competitive advantage, if not an exclusive market, for its own GFCIs. All GFCIs must meet the UL 943 Standard, and the Defendants contend that, because of Leviton's dishonesty, any UL 943 Standard device will be vulnerable to Leviton's allegation of patent infringement. The Defendants argue that it is for this reason that the UL requires those involved in its standard-setting processes to disclose the existence of intellectual property that a proposed standard may impact.

The Defendants contend that, by promoting the UL 943 Standard with full awareness of its intellectual property and resulting competitive advantage, Leviton has, in effect, prohibited the production or sale of competing goods. "Certain actions constitute per se misuse, including . . . prohibiting production or sale of competing goods . . . ." Trs. of Columbia Univ. in the City of New York v. Roche Diagnostics GMBH, 272 F.Supp.2d 90, 112-13 (D. Mass. 2002). Accord Basic Books, Inc. v. Kinko's Graphics Corp., 758 F.Supp. 1522, 1538 (S.D.N.Y. 1991)(maintaining that the advocacy of any industry standard in excess of fair use, by multiple plaintiffs, thereby creating an exclusive standard, would be one way to show an impermissible extension broadening the afforded monopoly in an effort to restrain competition).

The Defendants contend that this deception is also parallel to the deception that Leviton worked upon the United States Patent and Trademark Office ("USPTO"). The Defendants maintain that, in the application to the USPTO that matured into the '766 patent, Leviton deliberately withheld required information regarding other litigation, patents, and inventive persons. The Defendants argue that, taken as a whole, these two separate incidents of fraud upon regulatory bodies demonstrate Leviton's overall scheme to misuse its technology and control the GFCI market.

II.   **AVERMENTS CONCERNING HARBOR FREIGHT'S OFFER TO PURCHASE A LICENSE FROM LEVITON**.

Paragraphs 38 and 45 through 46 relate to the Defendants' alleged attempts to procure a license.  The Defendants aver that they attempted, in connection with an offer of settlement, to obtain a license agreement on GFCI technology from Leviton.  Leviton contends that these allegations have nothing to do with whether the Defendants are infringing Leviton's patents or whether those patents are invalid or unenforceable.   Leviton maintains that the only reason that the Defendants have included such allegations is to "muddy the waters" by interjecting into this case issues that have no bearing on infringement, invalidity, or unenforceability.

The averments regarding Leviton's refusal to license are possibly relevant to Leviton's continued pursuit of exclusive control of the GFCI market.  These allegations may provide a recent example of Leviton misusing its patent rights.   In these paragraphs, the Defendants state that Leviton intentionally withheld a license from Harbor Freight, in violation of the UL requirements to further Leviton's price restraining scheme in the GFCI market.

III.   **AVERMENTS CONCERNING THE 1979 JUDGEMENT AGAINST LEVITON**.

Paragraphs 39 through 44 refer to a judgment issued in an antitrust action in 1979 that expired in 1989.  The United States District Court for the District of Connecticut issued a judgment on October 2, 1979 in the action entitled United States v. Leviton Manufacturing Company, Inc. Leviton contends that the judgment has nothing to do with Leviton's claims or Nicor's defenses and counterclaims in this case because none of them are antitrust claims.

In the paragraphs describing Leviton's prior conviction for antitrust violations, the Defendants support their allegations of Leviton's alleged long history of misusing its technology rights to engage

in anti-competitive conduct, with the end-goal of illegally dominating the GFCI market. These paragraphs may be relevant to the defense of patent misuse and are possible evidence that this case is exceptional, which may support the Defendants' demand for costs and fees. Leviton's arguments regarding the conviction's "staleness" are misplaced at this stage of the proceedings.

A motion to strike based upon Leviton's assertions should succeed only if Leviton can establish that "no evidence in support of the [averments] would be admissible." Barcher v. N.Y. Univ. Sch. of Law, 993 F.Supp. 177, 181 (S.D.N.Y. 1998)(not striking sexual harassment averments relating to unproven and unreported events that allegedly occurred over twenty years ago). Leviton does not meet that test, because the Defendants rely upon the Counterclaim's averments to attempt to establish Leviton's intellectual property rights abuse. The facts set forth in the Counterclaim averments allege that Leviton continues to pursue an exclusive market in GFCIs, without regard for any rule, regulation, or law. These averments may be relevant to the Defendants' patent misuse affirmative defenses, and may aid the fact-finder to decide whether Leviton has engaged in such patent misuse as to render the '766 Patent unenforceable.

Leviton also asserts that the averments in question are scandalous. Leviton's contention does not meet the high standard for characterizing something as scandalous. Leviton's past conviction for antitrust violations, in particular, does not degrade its moral character; these averments state facts that are matters of public record and easily accessible. Accordingly, the Counterclaim's averments are not scandalous.

Moreover, the averments do not contain repulsive language or detract from the Court's dignity. Whether the Court should bar evidence relating to Leviton's past conviction and to other unrelated anti-competitive conduct regarding its intellectual property is not an appropriate issue for

the Court to decide on an early motion to strike.  It would appear that the Court should address this

issue, if ever, in the discovery phase of the case and/or on a motion under Federal Rule of Evidence

404(b).

      **IT IS ORDERED** that Leviton's Motion to Strike Certain Paragraphs of the First Amended

Answer and Counterclaim of Defendants is denied.  The Court will not issue an order requiring the

Defendants to strike the averments in question.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul J. Sutton
Barry G. Magidoff
Brad S. Needleman
Joseph G. Lee
Deepro R. Mukerjee
Christopher B. Prescott
Greenberg Traurig, LLP
New York, New York

*– and –*

R.E. Thompson
Emil J. Kiehne
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

     *Attorneys for Plaintiff Leviton Manufacturing Co., Inc.*

J. Douglas Foster
Foster Johnson McDonald Lucero Koinis
Albuquerque, New Mexico

*– and –*

Bryan G. Harrison
Morris, Manning & Martin, LLP
Atlanta, Georgia

     *Attorneys for Defendant/Intervenor Zhijiang Dongzheng Electrical Co., Ltd.*


Mark Rosenberg
Amster Rothstein & Ebenstein
New York, New York

*– and –*

DeWitt M. Morgan
Rodey, Dickason, Sloan, Akin & Robb, PA
Albuquerque, New Mexico

     *Attorneys for Defendants Harbor Freight Tools USA, Inc. and Central Purchasing LLC*

Alberto Leon
Bauman, Dow & Leon, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Nicor, Inc.*